UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY A. SERMENO,

    Plaintiff,

v.

C. TAYLOR,

    Defendant.

Case No. 16-05897 EJD (PR)

**ORDER OF DISMISSAL**

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Clerk of the Monterey County Superior Court. Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

**DISCUSSION**

**A.**     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that Defendant C. Taylor, a deputy clerk at the Monterey County Superior Court, denied him access to the courts by "refusing and/or failing to file documents Plaintiff filed" in January, February, August and September 2016. (Compl. at 3, 5.) Plaintiff seeks damages as well as injunctive and declaratory relief. (Id. at 3.)

A state judge is absolutely immune from civil liability for damages for acts performed in her judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Clerks of the courts, like Defendant Taylor, are also immune from suit. The Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. Buckley v. Fitzsimmons, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir. 2003). Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions. Id. at 896. The Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." Buckley, 509 U.S. at 269 (1993) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). Accordingly, state actors are granted absolute immunity from damages liability in suits under § 1983 for

actions taken while performing a duty functionally comparable to one for which officials were immune at common law. Miller, 335 F.3d at 897. Here, the Defendant Taylor's declination to file is necessarily a part of the judicial process and therefore he is immune from suit for damages.

## CONCLUSION

For the reasons state above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

**Dated:** 2/3/2017

_____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.16\05897Sermeno_dism

3